**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DOSHIA DANIELS BURTON, et. al.** ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action Number: 05-2214 (JGP)** |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, United States of America, by and through the United States Attorney for the District of Columbia, and, for its Answer to the Plaintiff's Complaint in the above entitled and numbered cause, herein admits, denies, and alleges as to the enumerated paragraphs of Plaintiff's Complaint as follows:

**JURISDICTION**

1.  Paragraph 1 contains allegations regarding jurisdiction to which no response is required. Should an answer be required, Defendant admits that the Federal Tort Claims Act is the proper jurisdictional basis for claims sounding in tort brought against the United States, but allegations as to whether jurisdiction exists under any of the alleged provisions states a conclusion of law which is reserved to the Court for determination and as to which no response is required. Defendant admits an administrative claim was filed on February 8, 2005 with Walter Reed Army Medical Center's (WRAMC) Office of the Center Judge Advocate, that six (6) months have

passed since the filing of that claim, and that more than six (6) months have passed since that administrative claim was filed.

## VENUE

2.  Paragraph 2 contains allegations regarding venue to which no response is required.  Defendant admits that the alleged facts giving rise to the allegations of  negligence occurred at WRAMC located in the District of Columbia.

## PARTIES

3.  Defendant admits that Plaintiff Doshia Daniels Burton is the widow of the late Samuel Burton to whom she was married for almost forty (40) years and that she is also the personal representative of his estate.  The remaining allegations in paragraph 3 state conclusions of law to which no response is required.  To the extent a response is required, the Defendant avers that the substantive law of the District of Columbia is the appropriate law to apply in this case to include that jurisdiction's law on damages and choice of law.

4.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 4.

5.  Defendant admits that the United States is the employer of some federal employees and agents at the federal agency, WRAMC, and that some of the employees and agents, acting within the course and scope of their employment with the United States, provided medical care to the decedent.  Defendant is without knowledge or information sufficient to form a belief regarding the exclusive nature of Plaintiff's treatment by Defendant's personnel, and the alleged scope of employment as concerning unspecified acts for unknown personnel.  Defendant denies that its employees caused injury or death to the decedent.

2

## FACTS COMMON TO ALL COUNTS

6.  Defendant incorporates its answers in paragraphs 1 through 5 above in response to Plaintiff's incorporation of the same..

7.  Defendant admits that Plaintiff's decedent was a 62 year old retired Coast Guard officer. Defendant denies Plaintiff's decedent was in excellent health.

8.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 8.

9.  Defendant admits the truth of the allegations in paragraph 9.

10.  Defendant admits the truth of the allegations in paragraph 10.

11.  Defendant admits the truth of the allegations in paragraph 11 but Defendant avers that Capt Burton's leg was placed in a "short leg cast"..

12.  Defendant admits that during the January 15th visit, it was observed and noted that decedent had "moderately increased swelling."  Defendant denies the implication that this notation as to swelling applied to decedent's entire leg or that such swelling was abnormal given Plaintiff's decedent's injury.

13.  Defendant admits the truth of the allegations in paragraph 13, but avers that CPT Burton's leg was placed in a "short leg cast".

14.  Defendant admits CPT Burton returned for follow up on February 7, 2003 and that the medical records relating to this visit contains the entry "2+ non-pitting, peri-ankle edema." Defendant denies swelling outside the location of decedent's injury or in a manner inconsistent with or excessive for decedent's injury.

15.  Defendant admits the truth of the allegations in paragraph 15 but avers CPT Burton was

placed in a "short leg cast".

16.  Defendant denies Plaintiff's decedent was instructed by WRAMC employees to remain immobile.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the remaining allegations in paragraph 16.

17.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the remaining allegations in paragraph 17.

18.  Defendant denies the truth of the allegations in paragraph 18 and avers that the cause of death listed on the death certificate for Plaintiff's decedent was "Pulmonary Thromboembolism Complicating Left Leg Tendon Injury."

19.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 19.  Defendant denies any allegation or inference of negligence.

20.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 20.  Defendant denies any allegation or inference of negligence.

21.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 21.  Defendant denies any allegation or inference of negligence.

22.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 22.  Defendant denies any allegation or inference of negligence.

23.  Defendant denies the truth of the allegations in paragraph 23.

24.  Defendant denies the truth of the allegations in paragraph 24.

25.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 25.  Defendant denies any allegation or inference of negligence.

26.  Defendant denies the truth of the allegations in paragraph 26.

27.  Defendant denies the truth of the allegations in paragraph 27.

28.  Defendant denies the truth of the allegations in paragraph 28.

29.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 29.

30.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 30, but avers that the cause of death listed on the death certificate for Plaintiff's decedent was "Pulmonary Thromboembolism Complicating Left Leg Tendon Injury."

## COUNT I– WRONGFUL DEATH

31.  Defendant incorporates its answers to paragraphs 1 through 30 above in response to Plaintiff's incorporation of the same.

32.  Defendant admits the truth of the allegations in paragraph 32.

33.  Defendant denies the truth of the allegations in paragraph 33.

34.  Defendant denies the truth of the allegations in paragraph 34.

35.  Defendant denies the truth of the allegations in paragraph 35.

36.  Paragraph 36 contains a prayer for relief, to which no response is required.  To the extent a response could be deemed to be required, the Defendant denies the truth of the allegations in paragraph 36.

## COUNT TWO– SURVIVAL ACTION ON BEHALF OF CAPTAIN BURTON'S ESTATE

37.  Defendant incorporates its answers to paragraphs 1 through 36 above in response to Plaintiff's incorporation of the same.

38.  Defendant denies the truth of the allegations in paragraph 38.

39.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 39, but denies any such loss was the result of negligence by the Defendant.

40.  Paragraph 40 contains a prayer for relief, to which no response is required.  To the extent a response could be deemed to be required, the Defendant denies the truth of the allegations in paragraph 40.

## AD DAMNUM

41.  Defendant incorporates its answers to paragraphs 1 through 40 above in response to Plaintiff's incorporation of the same.

42.  Paragraph 42 contains a prayer for relief, to which no response is required.  To the extent a response could be deemed to be required, the Defendant denies the truth of the allegations in paragraph 42.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's cause of action is subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. sections 1346(b), 2671 et seq.

2.  Plaintiffs are not entitled to pre-judgment interest.

3.  Plaintiffs are not entitled to any equitable recovery.

4.  Plaintiffs may not recover in excess of the amount claimed in their administrative claim.

5.  Plaintiffs failed to exhaust their administrative remedies.

6.  Plaintiff's Complaint fails to state a claim against the United States upon which relief can be granted.

7.  Plaintiffs current action is barred for lack of jurisdiction.

8.  Plaintiff's cause of action is barred by the doctrine of contributory negligence.

9.  Plaintiffs cause of action is barred because Plaintiff assumed the risk of delaying the diagnosis of DVT by choosing to not seek timely treatment in response to medical symptoms.

10.  The United States is not liable for the acts or omissions of its independent contractors.

11.  Defendant is not liable for Plaintiffs' injuries to the extent that another actor or actors' negligence were intervening or new or superceding causes of the alleged injuries.

12.  In the unlikely event that the Defendant is found liable for injuries and damages allegedly

sustained by Plaintiffs, which Defendant denies, then Defendant can only be held liable for its alleged negligence which proximately caused the aggravation of decedent's medical condition and not for his pre-existing condition(s) itself.

13.  The death of Plaintiff's decedent was an unexpected natural happening of an event caused by a disease process, which occurred without having been proximately caused by any negligent act or omission of the Defendant.

14.  Plaintiffs' recovery is subject to offset for any amounts already paid by the United States under TRICARE, CHAMPUS, Social Security, MEDICARE, MEDICAID, or other federal program or federal health plan.

15.  Plaintiff's action is barred by the statute of limitations.

16.  Defendant reserves the right to assert additional defenses based on information obtained and/or developed during discovery.

WHEREFORE, PREMISES CONSIDERED, the United States of America, Defendant, respectfully prays that upon final hearing thereof, the Court will enter judgment in favor of the Defendant and against Plaintiff in all things, and dismiss the above styled and numbered cause in its entirety with prejudice, awarding Defendant costs, if any, and for all such other and further relief at law or in equity to which the Defendant may be justly entitled.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
DC Bar Number 451058


_____

R. CRAIG LAWRENCE
ASSISTANT UNITED STATES ATTORNEY
DC Bar Number 171538


_____

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780

8