UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DOSHIA DANIELS BURTON,** *et al.,*    ) | |
|                                        ) | |
|        **Plaintiffs,**         ) | |
|                                        ) | |
|        v.                            ) | Civil Action No. 05-2214 (JGP) |
|                                        ) | |
| **UNITED STATES OF AMERICA,**   ) | |
|                                        ) | |
|        **Defendant.**        ) | |

**ORDER FOR INITIAL SCHEDULING HEARING**

This case was filed on November 15, 2005. The parties shall advise the Court of any conflicts of interest or any other reason that assignment of this case to this Court is inappropriate.

The case is set for an initial scheduling conference on **April 26, 2006 at 10:00 A.M**. in Courtroom 15. Prior to that conference, counsel are directed to meet and confer in person or by telephone about the status of the case, the narrowing of issues, proposed stipulations of facts, anticipated discovery proceedings and possible settlement of the case. Plaintiff's counsel shall be responsible for scheduling this meeting and defendant's counsel is required to give full cooperation. The parties shall file a Joint Statement addressing the matters set forth below. The Joint Statement shall be filed on or before **April 10, 2006.** It shall include:

1. A brief statement of the case and the claims or defenses relied upon by each party.

2. Whether there are any pending motions.

3. Whether the parties anticipate any amendments to their pleadings and the date on which the Court can expect any such amendments.

4. Whether the case can be assigned to a Magistrate Judge for all purposes including

trial.

     5. Whether there is a realistic possibility of settling the case. The Court is available to meet with counsel and their clients, if that is preferred, in order to discuss settlement. Such a settlement conference will not prevent later referral of the case for mediation under the court's alternative dispute resolution procedures (ADR). A settlement conference can be scheduled on relatively short notice and, if necessary, can be handled by telephone conference call.

     6. The parties will indicate whether they believe the case can benefit from the court's alternative dispute resolution (ADR) procedures or some other form of alternative dispute resolution, and if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

     7. Whether the case can be resolved on summary judgment or a motion to dismiss; the dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and whether a hearing is requested.

     8. Whether the parties can agree on the exchange of certain information, for example, names and addresses of witnesses, relevant documents, computations of damages, the existence and amount of insurance, without formal discovery. If so, the date(s) on which such information will be exchanged. This Court encourages the voluntary exchange of information.

     9. The discovery contemplated in this case, that would include the number of depositions each party proposes to take, the number of sets of interrogatories, time limits on the taking of depositions, a limit on the number of interrogatories in each set, whether a protective order is appropriate, the date for completion of all discovery, including answers to interrogatories, document production, request for admissions and depositions. In the event of a discovery

dispute, the parties are required to meet and confer in an effort to resolve the discovery. If a discovery motion is filed, the moving party must certify that the parties have attempted to resolve the dispute without reference to the Court. Normally, this Court will refer all discovery disputes to a Magistrate Judge.

10. The date(s) for the exchange of expert witness information pursuant to Fed.R.Civ.P. 26(b)(4), and for taking depositions or discovery of experts.

11. Whether the discovery and/or the trial should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

12. The parties shall discuss a date for a pretrial conference having in mind that the pretrial conference should be scheduled 30 to 60 days prior to the trial.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at a later status hearing.

**SO ORDERED.**

**DATE: March 13, 2006**                                **JOHN GARRETT PENN**
                                                        **United States District Judge**