UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOSHIA DANIELS BURTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-2214 (JGP) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

AMENDED JOINT STATEMENT

The parties, through counsel, represent:

(1) Whether the case is likely to be disposed of by dispositive motion and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

> There are no dispositive motions pending.
> Defendant will likely file a dispositive motion at the conclusion of discovery.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

> Issues may be narrowed following discovery. Motions to join and amend should be filed by May 1, 2006.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

> The Parties do not consent to assignment to a magistrate judge, except for the purposes of mediation in the event the parties conduct mediation.

(4) Whether there is a realistic possibility of settling the case.

> The Parties are always willing to entertain reasonable offers of settlement at the appropriate time. The Parties do not believe settlement discussions would be fruitful until the completion of discovery.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR)procedures (or some other form of ADR); what related steps should be taken to

facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

    The Parties do not believe the case would benefit from ADR at this time.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

    The Parties agree that dispositive motions should be filed not later than 45 days following the close of discovery; oppositions thereto should be due 30 days thereafter; and replies should be due 30 days after filing of oppositions.

(7) Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

    The Parties agree that initial disclosures should be in accordance with Fed. R. Civ. P. 26(a)(1) and should be disclosed by May 15, 2006.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

    The Parties anticipate needing discovery on both liability and damages.

    The Parties propose 7 months for Discovery beginning May 15, 2006 followed by the motion schedule proposed in ¶ 6.

    The Parties agree to 25 interrogatories per side and 10 depositions per side.

    The Parties anticipate that protective order(s) may be required for medical information and other information covered by the Privacy Act.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

    The Parties may use experts and make disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(2), and propose that Proponent Rule 26(a)(2)(B) reports be due by August 1, 2006 and Opponent reports be due by September 15, 2006.

(10) In class actions, appropriate procedures.

    Not applicable.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

>The Parties do not anticipate the need for a bifurcated trial or managing in stages in this case.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

>The Parties propose that the date for the pretrial conference be set following the close of discovery and resolution of any dispositive motion.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

>The Parties propose that the trial date be set at the pre-trial conference.

(14) Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.

>The Parties are not aware of any additional matters.

(15) Statement of the Case:

>Plaintiff's statement of the case is as detailed in its original joint statement report and in its complaint.

>Defendant: The statutory basis for this case is the Federal Tort Claims Act (FTCA) including its defenses under federal and state law.

>On January 10, 2003, Captain Samuel E. Burton, United States Coast Guard, retired, presented to the Walter Reed Army Medical Center (WRAMC) Emergency Department with the complaint that he was playing basketball at approximately 2:30 PM and during a lateral movement heard a crack and noted severe pain in his left heel progressing up his calf muscle. Ankle x-rays were taken and showed no fractures. After a physical examination, he was diagnosed as suffering from a ruptured Achilles tendon on the left side. He was prescribed Toradol, a non-steroidal anti-inflammatory and Percocet for pain relief. Captain Burton was given a consultation to othopedics.

>Captain Burton was seen at the Orthopedic Clinic on January 10, 2003 at approximately 6:30 PM for the initial assessment and treatment of his Achilles injury. He was again seen on two follow up visits to the WRAMC Orthopedic Surgery Clinic on January 15, 2003, and on February 07, 2003.

At approximately 7:00 PM on February 20, 2003, paramedics from the Baltimore County Fire Department were summoned to 5 Hickory Knoll Court, Lutherville, Baltimore County, Maryland by one of Captain Burton's sons. He had found Captain Burton unconscious on the living room floor shortly before calling the paramedics. The paramedics arrived at approximately 7:09 PM and attempted to resuscitate Captain Burton. Their attempts were unsuccessful and he was pronounced dead at approximately 7:29 PM by the responsible Physician, Dr. Schnick and this finding was confirmed by the medical examiner shortly thereafter. The cause of death listed on the death certificate was pulmonary thromboembolism complicating left leg tendon injury. An autopsy was performed at the direction of the assistant medical examiner, Theodore M. King, MD on February 21, 2003.

The autopsy findings showed atherosclerosis of the coronary arteries with the right coronary artery at a 60 to 65% stenosis, and the left coronary artery at a 70 to 75% stenosis. The medical examiner also found concentric left ventricular hypertrophy. These findings and a heart weight of 480g led to the pathological diagnoses of cardiomegaly and atherosclerotic cardiovascular disease.

The Defendant denies that it breached the standard of care pertaining to Captain Burton's treatment or that the actions of its agents caused his death.

Respectfully submitted,

THE EATON LAW FIRM, PLLC


By:_____
   Allen T. Eaton
   La'Vern D. Wiley

1111 – 14th Street, N.W.
Suite 777
Washington, DC  20005
(202) 637-0921

Counsel for Plaintiffs

4