UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Doshia Daniels Burton, et al.,** )<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**United States of America,** )<br>)<br>**Defendant.** )<br>)<br>) | **Civ. Action No. 1:05CV02214(JGP)** |

<u>**STATEMENT OF CONTROVERTED MATERIAL FACTS
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT UNITED STATES'
MOTION FOR SUMMARY JUDGMENT UNDER FRCP 56**</u>

1.  Captain Burton had no knowledge that pain in the middle of the chest and shortness of breath were signs or symptoms of pulmonary embolism ("PE") – a life-threatening condition. Affidavit of Doshia D. Burton, ¶¶ 8, 12 and 13, attached to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant USA's Motion for Summary Judgment as Exhibit 6.

2.  Captain Burton was not advised, either orally or in writing, by personnel at Walter Reed Army Medical Center (WRAMC):

    a.  That he was at an increased risk for potentially fatal thromboembolic events[1] such as DVT or PE. Affidavit of Doshia

D. Burton, ¶ 12 (attached to Plaintiff's Memorandum in Opposition as Exhibit 6); Expert Report of Paul Genecin, M.D. (attached to Plaintiff's Memorandum in Opposition as Exhibit 10); Table 2 from Geerts article (attached to Plaintiff's Memorandum in Opposition as Exhibit 12);

      b.    Of the signs and symptoms of DVT and PE. Affidavit of Doshia D. Burton, ¶¶ 13-14 (Exh. 6 to Opposition); Expert Reports of Paul Genecin, M.D. and Margaret Baker, M.D. (Exhibits 10 and 11, respectively, to Plaintiff's Memorandum in Opposition); and

      c.    Of what action he should take in the event he experienced shortness of breath or pain in his middle chest area. Affidavit of Doshia D. Burton, ¶ 14 (Exh. 6); Expert Reports of Paul Genecin, M.D. and Margaret Baker, M.D. (Exhs. 10 and 11, respectively).

    3.    Whether a reasonable person would know that shortness of breath and mid-chest pain were signs and symptoms of PE. A White Paper entitled "Deep-Vein Thrombosis: Advancing Awareness to Protect Patient Lives," prepared by the American Public Health Association ("APHA") in conjunction with the federal Centers for Disease Control and Prevention ("CDC") (attached to Plaintiff's Memorandum in Opposition as Exhibit 4), and which is admissible

under Fed. R. Evid. 803(8), states that 74% of Americans are largely unaware of DVT and that 57% could not name any common risk factors or pre-existing conditions that could lead to DVT. Moreover, 95% of Americans have never discussed DVT with their physicians. Therefore, the ordinary person without specialized training would not know the significance of Captain Burton's signs and symptoms.

     4.    Whether any contributory negligence of Captain Burton was a substantial factor in causing his death.

In view of the first three (3) contested facts, it is for the finder of fact to determine this issue in accord with existing case authority. Issues of proximate causation are generally for a jury. *Paraskexaides v. Four Seasons*, 292 F.3d 886, 893 (D.C. Cir. 2002).

                                    Respectfully submitted

                                    _____/s/_____
                                    ALLEN T. EATON
                                    Federal Bar #10376/D.C. Bar #133991
                                    1111 - 14th Street, N.W.
                                    Suite 777
                                    Washington, DC  20005
                                    202-789-0088 / FAX 202-789-1377

                                    Attorney for Plaintiff

Dated:  July 20, 2007