UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DOSHIA DANIELS BURTON, *et. al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-2214 (RCL) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Defendant United States has moved for summary judgment [18] on plaintiffs' wrongful death and survival claims. It contends no genuine issue as to any material fact exists concerning the affirmative defense of contributory negligence. (Mem. Supp. Mot. Summ. J. 1.)

In the District of Columbia, contributory negligence operates as a complete defense, even in the medical malpractice context. *Durphy v. Kaiser Found. Health Plan of Mid-Atlantic States*, 698 A.2d 459, 465 (D.C. 1997). At trial, the party asserting this defense bears the burden of proving the familiar elements of negligence – duty, breach, causation, and damages – by a preponderance of the evidence. *Id.*

Ordinarily, in seeking summary judgment, a defendant need only "inform[] the district court of the basis for its motion, and identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The plaintiff, as the non-moving party, must then go beyond the pleadings to "make

a showing sufficient to establish the existence of [each] element essential to [its] case, and on which [it] will bear the burden of proof at trial." *Id.* at 322, 324.

Where the defendant's summary judgment motion rests on an affirmative defense, however, these burdens of production necessarily differ because the defendant – not the plaintiff – "will bear the burden of proof at trial." *See id.* at 322. In this situation, the defendant, though it is the moving party, *must* point to *some* evidence to support each element of its affirmative defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986) (comparing summary judgment standard to "'reasonable jury' directed verdict standard"). The plaintiff may then avoid summary judgment by showing that a genuine issue of fact material to that defense exists. *See* Fed. R. Civ. Pro. 56(c); *Anderson*, 477 U.S. at 250-51.

Here, defendant contends decedent Captain Samuel L. Burton's failure to seek medical attention for the recurrent chest pain and shortness of breath that preceded his death constituted contributory negligence. (Mem. Supp. Mot. Summ. J. 1.) *Neither* party, however, has briefed the issue of causation in this context: was Burton's alleged failure to report, or seek medical aid for, these symptoms "a substantial factor in causing" his death and/or the suffering he allegedly experienced before it occurred? *See Durphy*, 698 A.2d at 465. To permit the Court to properly resolve defendant's motion, it is hereby

ORDERED that defendant shall file a supplemental memorandum in support of its motion for summary judgment, addressing only this causation issue, within ten (10) days of this date. Plaintiff's response shall be due ten (10) days thereafter.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, April 7, 2008.