IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOSHIA DANIELS BURTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-2214 (RCL) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**AFFIDAVIT OF PAUL GENECIN, M.D. IN
SUPPORT OF PLAINTIFF'S SUPPLEMENTAL OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Paul Genecin, M.D., who deposes and says as follows:

1. My name is Paul Genecin, M.D.

2. I am a Board-certified specialist in Internal Medicine.

3. I have extensive experience, as described in my *curriculum vitae* with respect to the diagnosis and treatment of deep vein thrombosis ("DVT") and pulmonary embolisms ("PE").

4. I have agreed to give expert testimony in the above-captioned case and I am prepared to testify as to the matters further described herein.

5. Pulmonary embolisms represent a major US public health problem in that deaths in excess of 10,000/year are the

result of failure to diagnose and/or effectively treat the condition.

6. The last visit that Captain Burton made to the Walter Reed Army Medical Center for treatment was February 7, 2003;

7. It is my opinion, which I hold to a reasonable degree of medical certainty, that at the time that he was examined on February 7, 2003, at Walter Reed Army Medical Center, he already had venous thromboembolic disease;

8. It is further my opinion that had this condition been recognized and treated on February 7, 2003, Captain Burton would have survived without significant injury;

9. The negligence of Captain Benjamin Potter and the Walter Reed Army Medical Center in failing to diagnose Captain Burton's condition caused him to lose the opportunity to treat the pulmonary embolism at a time when it was most amenable to treatment;

10. Moreover, at no time, according to the medical records, was Captain Burton or his caregiver advised that he was at increased risk, *i.e.*, he was at moderate to high risk for developing a pulmonary embolism;

11. The fact that he was at moderate to high risk for developing a pulmonary embolism should have been

brought to Captain Burton's attention in a timely, conspicuous, forceful manner in writing;

12. The failure to fulfill the duty to possess the requisite knowledge to safely treat Captain Burton which is imposed on defendants and the failure to educate patients with respect to the measures necessary to prevent a catastrophe such as the one suffered by Captain Burton were serious departures from the standard of care.

13. Moreover, the failure to promptly initiate anticoagulation therapy for venous thromboembolic disease by heparin and/or warfarin was a violation of the duty and the standard of care imposed upon Dr. Benjamin Potter and the other physicians who cared for Captain Burton at the Walter Reed Army Medical Center;

14. The derelictions on behalf of Captain Potter and the Walter Reed Army Medical Center was the sole cause of Captain Burton's death in that he had no medical training and, like most people without medical training, there is indication that he was unaware of the perils of the failure to recognize that shortness of breath and/or pain in the chest area could be symptoms of a life-threatening pulmonary embolism;  Moreover, in the throes of pulmonary

embolism, a patient suffering acute shortness of breath and decreased oxygen delivery to all vital organs is not in a position to make the reasoned judgments about when and how to seek medical care. Without any knowledge that he was at risk for pulmonary embolism and as he became acutely incapacitated by this illness, there was no standard of behavior on the part of Captain Burton's that required that he diagnose himself or make the considered treatment decisions that one might expect of a patient under less dire medical circumstances.

15. The derelictions of Dr. Potter and the other physicians treating Captain Burton at the Walter Reed Army Medical Center, in my opinion to a reasonable degree of medical certainty, were the sole cause of Captain Burton's death;

16. Further affiant sayeth not.

_____
Paul Genecin, M.D.

SUBSCRIBED and SWORN TO before me this 22nd day of April, 2008.

Loretta C. Miller
_____  #139924
Notary Public

My Commission expires: November 30, 2009