IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOSHIA DANIELS BURTON, et al.,  )
                                )
        Plaintiffs,              )
                                )
    v.                           )   Civil Action No. 05-2214 (RCL)
                                )
UNITED STATES OF AMERICA,        )
                                )
        Defendant.               )

### AFFIDAVIT OF MARGARET M. BAKER, M.D. IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Margaret M. Baker, M.D., who deposes and says as follows:

1. My name is Margaret M. Baker, M.D.

2. I am a Board-certified Orthopedic Surgeon.

3. I have agreed to give expert testimony in the above-captioned case and I am prepared to testify in Court as follows:

4. The last time that Captain Samuel Burton was seen for treatment by the defendant was on February 7, 2003;

5. Based on Captain Burton's clinical presentation, risk factors, complaints, and physical exam on a more probable than not basis he had a deep vein thrombosis (DVT) of the left leg by that visit February 7, 2003.

1

6. Captain Benjamin Potter was supervising Captain Burton's orthopedic care for his Achilles tendon rupture. In my opinion Captain Potter violated the national standard of care for orthopedic surgeons by failing to fulfill his duty to properly diagnose Captain Burton with a DVT which I believe was present on February 7, 2003, based on medical probability.

7. If Captain Potter had diagnosed DVT that day, appropriate immediate anticoagulation would likely have prevented Captain Burton's pulmonary embolism and resultant fatality.

8. If Captain Potter had appropriately ruled-out DVT on thorough physical exam and/or diagnostic testing February 7, 2003, then the standard of care would require him or his staff to adequately advise Captain Burton of the significance of his experiencing further swelling, shortness of breath or chest pain as potentially life-threatening symptoms which required that he immediately call his physician or proceed to an emergency room.

9. In the absence of his physicians informing him of the above information, when Captain Burton suffered chest pain and shortness of breath, he presumably did not

2

understand the life-threatening nature of his condition and did not seek immediate medical attention.

10. In the absence of medical training, Captain Burton was not qualified to diagnose his own condition.

11. It was understandable that Captain Burton failed to seek medical care on an urgent basis in view of his lack of knowledge concerning the peril that he was in.

12. It is my opinion that Captain Burton was at high risk for pulmonary embolism once the DVT occurred, and the failure of his physicians to appropriately diagnose, treat and advise him of this fact was the major cause of his pulmonary embolism and death.

13. Further affiant sayeth not.

_____
Margaret M. Baker, M.D.

SUBSCRIBED and SWORN TO before me this 25th day of April, 2008.

_____
Notary Public

My Commission expires: 5-19-08

3