# THE LAW OF TORTS

By

**Dan B. Dobbs**

*Professor of Law*
*The University of Arizona*
*James E. Rogers College of Law*

HORNBOOK SERIES®



**WEST GROUP**

ST. PAUL, MINN., 2000

moving, the exception does not apply and contributory negligence remains a bar.[11]

### Defendant under a Duty to Protect against Plaintiff's Risky Conduct

In a few cases, the defendant is under a duty to use reasonable care to protect the plaintiff from her own weakness, incapacity, or fault. When the plaintiff is harmed because the defendant breaches that duty of care, the defendant cannot defend on the ground of contributory negligence, since that was the very thing he was obliged to prevent. Another way to state essentially the same idea is to say that what counts as contributory negligence is determined largely by the scope of the defendant's duty.

*(1) Statutes.* One group of cases derives from a statutory duty to protect the plaintiff. Although contributory negligence is ordinarily a defense, even when the defendant's negligence is proved by showing that he violated a statute,[12] it is no defense at all if the defendant violates a statute intended to protect the plaintiff from his own negligence or incapacity. Courts sometimes say that such statutes impose strict liability.[13] Child labor acts are good examples. If a minor is injured while employed in violation of such a statute, his claim is not to be defeated by his contributory negligence, since the purpose of the statute is to protect him from the risks of his own incapacity and negligence.[14]

The rule depends upon construction of individual statutes as intended to protect "persons from their own inexperience, lack of judgment, inability to protect themselves or to resist pressure, or tendency toward negligence." The most likely candidates are perhaps those statutes aimed at protecting children and others under a disability[15] and those aimed at protecting workers from on the job risks they cannot avoid.[16] Statutes prohibiting the sale of dangerous articles like guns,[17] alcohol,[18] or drugs[19] have sometimes been treated in the same way, so that the

---

11. See, e.g., Louisville & Nashville R. Co. v. Vanderpool, 496 S.W.2d 349 (Ky. 1973); First Northwestern Trust Co. of South Dakota v. Schnable, 334 N.W.2d 16 (S.D.1983) (actual discovery required in case of inattentive but not helpless plaintiff); Restatement § 480.

12. See Restatement § 483.

13. E.g., Van Gaasbeck v. Webatuck Central School District Number 1, 21 N.Y.2d 239, 287 N.Y.S.2d 77, 234 N.E.2d 243 (1967).

14. E.g., Strain v. Christians, 483 N.W.2d 783 (S.D.1992); D.L. by Friederichs v. Huebner, 110 Wis.2d 581, 329 N.W.2d 890 (1983).

15. Del E. Webb Corporation v. Superior Court, 151 Ariz. 164, 726 P.2d 580 (1986); Van Gaasbeck v. Webatuck Central School District Number 1, 21 N.Y.2d 239, 287 N.Y.S.2d 77, 234 N.E.2d 243 (1967).

16. Wilson v. Vukasin, 277 Mont. 423, 922 P.2d 531 (1996) (under version of statute in effect at the time of injury); Gordon v. Eastern Ry. Supply, Inc., 82 N.Y.2d 555, 626 N.E.2d 912, 606 N.Y.S.2d 127 (1993).

17. Tamiami Gun Shop v. Klein, 116 So.2d 421 (Fla.1959).

18. Loeb v. Rasmussen, 822 P.2d 914 (Alaska 1991). The cases are divided. See, refusing to set aside contributory or comparative negligence rules, Lee v. Kiku Restaurant, 127 N.J. 170, 603 A.2d 503 (1992).

19. Zerby v. Warren, 297 Minn. 134, 210 N.W.2d 58 (1973) (glue sold to minor who died after sniffing)

buyer may be allowed in some instances to recover from the seller in spite of the buyer's own contributory fault.

(2) *Common law.* In the absence of statute, courts are of course free to impose duties that require defendants to protect vulnerable, incapacitated, or minor plaintiffs from their own inability to protect themselves. One excellent example is the case of a plaintiff who, because of mental or physical disability is under the defendant's care. A hospital or a mental hospital that accepts a suicidal patient suffering from emotional or mental problems should exercise care to prevent suicide, and if it does not, it cannot defeat a claim for the patient's death by suicide by asserting that the patient was contributorily negligent.[20] The rule is not based upon statute, or upon strict liability, but upon the principle that the defendant has a duty to protect the plaintiff from her own dangerous propensities.

The result could be explained quite differently, by saying that the standard of care in the case of contributory negligence is purely subjective, so that the minor or mental patient need only exercise the care of which he is personally capable. That explanation is contrary to the usually stated rules and suffers as well from a dangerous reliance upon subjective standards.[21] The idea that defendants sometimes owe special duties of care to protect the plaintiff from her own disability makes a good deal of sense. Such a duty, which reflects judicial policy or sense of justice, would presumably be recognized only when the defendant knows or should know of the plaintiff's disability and when the defendant by agreement, conduct, or status, has accepted responsibility.

For example, one in the role of a parent, if he owes a duty of care at all, should owe a duty to protect the child against dangers arising from his own foolishness or mental limitations.[22] Similarly, a jailer having custody of prisoners owes them a duty to protect against suicide as well as against others harms.[23] A common carrier might owe a special duty of care to protect a passenger from the effects of her own known disabilities.[24] Manufacturers of machines like punch presses may be negligent in failing to provide safety devices to prevent workers from carelessly

---

20. E.g., McNamara v. Honeyman, 406 Mass. 43, 546 N.E.2d 139 (1989); cf. Argus v. Scheppegrell, 472 So.2d 573 (La.1985) (doctor under a duty not to prescribe drugs for addicted teenager could not rely upon her contributory negligence to defeat a claim for her death from overdose). Hobart v. Shin, 185 Ill.2d 283, 705 N.E.2d 907, 235 Ill.Dec. 724 (1998) reaches the opposite result, but probably is not contrary. The patient there was apparently fully recovered and did not seem suicidal. Given that, it seems doubt that the doctor was negligent at all.

21. See § 118 on objective standards of negligence. Richard Wright has argued for a "semi-subjective" standard of contributory negligence. See Richard Wright, The Standards of Care in Negligence Law in PHILOSOPHICAL FOUNDATIONS OF TORT LAW 249 (David G. Owen, ed. 1995).

22. Cf. Lynch v. Rosenthal, 396 S.W.2d 272 (Mo.App.1965) (adult plaintiff of very low mental ability injured in farm machinery while living with farmer; plaintiff not necessarily chargeable with contributory fault).

23. Hickey v. Zezulka, 439 Mich. 408, 487 N.W.2d 106 (1992).

24. See McMahon v. New York, N.H. & H. R.R., 136 Conn. 372, 71 A.2d 557 (1950) (intoxicated passenger); Vaughn v. Northwest Airlines, Inc., 558 N.W.2d 736 (Minn. 1997) (passenger injured in handling own luggage).

getting their hands under the press as it descends. Since workers' predictable negligence in carrying out repetitive tasks is the very thing the manufacturer should have protected against, to apply the contributory negligence bar would be to negate the manufacturer's duty. Hence, some courts removed the contributory negligence bar in such cases.[25]

**Risks Allocated to Defendant**

A similar idea generates a similar result even when the plaintiff suffers no peculiar disability. The idea is that customary practices, the relationship of the parties, or their implicit understandings, may operate to allocate some risks entirely to the defendant, and that as to those, the plaintiff is not responsible and not chargeable with contributory fault. A pedestrian is not expected to wear a helmet against the possibility that a driver may run him down. "The law normally does not require duplicative precautions" in such a case[26] but instead expects drivers to keep their vehicles off the sidewalk. Likewise, if an employer owes a duty to provide a safe place to work, the employee's conduct should be evaluated in the light of that expectation.[27] More pointedly, a doctors may owe a duty to provide patients with material information about the need for and risks of proposed operations. Given the doctor's duty and the patient's corresponding right to rely upon his care, the doctor who advises a mastectomy can hardly be permitted to defend his actions on the ground that his patient was unreasonable in relying upon his advice.[28] In such cases, the defendant's duty determines whether the plaintiff can be charged with contributory negligence or comparative fault.

A slightly different version of the same idea is that even if the defendant has no special duty to the plaintiff beyond the duty of ordinary care, the plaintiff is not to be charged with contributory fault for being where she has a right to be or doing what she has a right to do. In the leading case, the plaintiff was a landowner who stacked goods on his land near a railroad track. The railroad negligently caused a fire and when sued for damage argued that the plaintiff should be barred because he could have stacked his goods farther from the track. This argument was of no avail because the plaintiff's risky conduct was conduct he had a right to pursue.[29]

---

25. Tulkku v. Mackworth Rees Div. of Avis Industries, Inc., 406 Mich. 615, 281 N.W.2d 291 (1979); Bexiga v. Havir Manufacturing Corp., 60 N.J. 402, 290 A.2d 281 (1972).

26. Greycas, Inc. v. Proud, 826 F.2d 1560, 1566 (7th Cir.1987).

27. See Vendetto v. Sonat Offshore Drilling Co., 725 So.2d 474, 479 (La.1999) ("since the duty to provide a safe place to work allocates substantial risks of maritime employment to the employer, identical conduct is not demanded of the employer and the employee. The law allocates different risks to different parties, and that allocation forms parts of the reasonableness equation in the negligence determination").

28. Cf. Brown v. Dibbell, 221 Wis.2d 653, 588 N.W.2d 631(1998) (patient claimed doctor failed to advise fully on whether mastectomy was needed; if true, contributory negligence of patient in undergoing operation would be no defense).

29. Leroy Fibre Co. v. Chicago, Milwaukee & St. Paul Railway Co, 232 U.S. 340, 34 S.Ct. 415, 58 L.Ed. 631 (1914).